IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015


**STATE OF TENNESSEE v. ELAHU HILL, JR.**

**Appeal from the Circuit Court for Madison County**
**No. 14447     Roy B. Morgan, Jr., Judge**

_____


**No. W2015-00688-CCA-R3-CD  -  Filed October 28, 2015**

_____


In September 2014, the Madison County Grand Jury indicted the Defendant, Elahu Hill, Jr., for simple possession of marijuana, tampering with evidence, and violation of the open container law. Following a trial, the jury found the Defendant guilty of simple possession of marijuana and tampering with evidence, for which he received an effective five-year sentence.[1] On appeal, the Defendant argues that the evidence is insufficient to support his conviction for tampering with evidence and that his five-year sentence for tampering with evidence was excessive. Upon review, we affirm the Defendant's conviction and sentence for simple possession of marijuana. However, we reverse and vacate the Defendant's conviction for tampering with evidence because we conclude that the evidence is insufficient to support the conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Reversed in Part**

ROBERT L. HOLLOWAY, JR., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

George Morton Googe, District Public Defender; and Jeremy B. Epperson, Assistant District Public Defender, Jackson, Tennessee, for the appellant, Elahu Hill, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] Prior to trial, the State entered a nolle prosequi on the charge of violation of open container law.

# OPINION

## Factual Background

This case arises from a traffic stop of a vehicle in which the Defendant was a passenger. At trial, Investigator Andrew Smith of the Jackson-Madison County Metro Narcotics Unit ("Metro Narcotics Unit") testified that, around 10:15 p.m. on April 14, 2014, he observed a vehicle driving erratically. After the vehicle ran a stop sign, Investigator Smith conducted a traffic stop. During the course of his investigation, Investigator Smith handcuffed the Defendant and placed him in the back of a patrol car.[2] Another officer who responded to the scene, Sergeant Anderson, stood at the patrol car and spoke to the Defendant. While collecting evidence and photographing the vehicle, Investigator Smith heard Sergeant Anderson say that he smelled marijuana. He walked over to the Defendant and Sergeant Anderson and saw the Defendant spit out a bag of marijuana onto the ground. Investigator Smith testified that the bag was "plastic like a piece of maybe a Walmart sack or a Kroger sack, white plastic, and then a small amount of marijuana is here in the end, and it has a knot tied around it." Investigator Smith collected the bag and sent it to the crime lab for analysis.

Sergeant Rodney Anderson with the Metro Narcotics Unit testified that he assisted in the traffic stop of the vehicle in which the Defendant was a passenger. Sergeant Anderson explained that the officers removed the Defendant from the vehicle and placed the Defendant under arrest. Sergeant Anderson asked the Defendant if he "[had] anything on him" because Sergeant Anderson could smell marijuana "in the vehicle or somewhere." After placing the Defendant in the patrol car, one of the patrol officers said "something about smelling marijuana." As Sergeant Anderson began to fill out a booking sheet, he asked the Defendant to step out of the patrol car so that the Defendant could provide information for booking. At that time, Sergeant Anderson continued to smell marijuana. He testified:

> I asked [the Defendant] did he have anything on him. He said no. After [the Defendant] continued to do the booking sheet, I said, "Do you have marijuana in your mouth or something," and then [the Defendant] spit out the marijuana.

---

[2] Although not disclosed to the jury, it is apparent from the record that the Defendant was arrested based upon an outstanding warrant for a probation violation.

Sergeant Anderson stated that the Defendant had the bag of marijuana concealed in his mouth "underneath his tongue by his cheek[.]" He denied telling the Defendant that if he spit out the marijuana he would not be charged with possession.

Special Agent Sholandis Garrett, with the Tennessee Bureau of Investigation Crime Lab, testified as an expert in the identification of narcotics. Special Agent Garrett stated that she tested the evidence in this case and found that the substance in the bag was marijuana and weighed 1.05 grams.

Based upon this testimony, the jury convicted the Defendant of simple possession of marijuana, a Class A misdemeanor, and tampering with evidence, a Class C felony.

At a subsequent sentencing hearing, the State introduced the presentence report and argued that two enhancement factors applied to the case: (1) that the Defendant had a previous history of criminal convictions or behavior in addition to that necessary to establish the range; and (2) that the Defendant, before trial or sentencing, had failed to comply with conditions of a sentence involving release into the community. From the presentence report, the State recited the Defendant's criminal history, which included convictions for evading arrest, domestic assault, possession of cocaine, possession of marijuana, and resisting stop, frisk, halt or arrest. The presentence report also reflected that the Defendant had previously violated probation.

The Defendant argued that two mitigating factors applied: (1) that his criminal conduct neither caused nor threatened serious bodily injury; and (2) under the catchall factor, that the Defendant cooperated with Sergeant Anderson and spit out the marijuana when Sergeant Anderson requested he do so. The Defendant also disputed several of the convictions listed in the presentence report.

In sentencing the Defendant, the trial court stated that it had reviewed the evidence presented, including the presentence report, and considered the principles of sentencing and arguments of counsel. The court further stated that it considered the nature of the criminal conduct involved and both enhancement and mitigating factors. Specifically, as enhancement factors, the trial court considered that the Defendant had a prior history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range and that the Defendant had previously failed to comply with a sentence involving release into the community. As to mitigating factors, the trial court considered that the Defendant's conduct did not cause or threaten bodily injury to any other individuals. The court found that no other mitigating factors were applicable to this case. Based upon these considerations, the trial court sentenced the Defendant, as a Range I offender, to concurrent sentences of eleven months and twenty-nine days for simple

possession of marijuana and five years for tampering with evidence and ordered the Defendant to serve his sentence in confinement.

Thereafter, the Defendant filed a timely motion for new trial, which the trial court denied after a hearing. This timely appeal followed.

## Analysis

### *Sufficiency of the Evidence*

On appeal, the Defendant challenges the sufficiency of the evidence as it relates to his conviction for tampering with evidence. He contends that the officers' investigation related only to a traffic offense and not a drug-related offense. Moreover, he notes that he spit out the substance when Sergeant Anderson requested he do so, and his conduct had "no effect whatsoever on the determination of the evidence[.]" The State responds that the evidence, when viewed in the light most favorable to the State, is sufficient for a reasonable juror to find that the Defendant tampered with evidence. We agree with the Defendant.

The applicable standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Tenn. R. App. P. 13(e). A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and the Appellant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

In a jury trial, the weight and credibility given to the testimony of witnesses, as well as the reconciliation of conflicts in that testimony, are questions of fact best determined by the jury, because they saw and heard the witnesses, and by the trial judge, who concurred in and approved the verdict. Bland, 958 S.W.2d at 659. This court will not reweigh the evidence. Id. On review, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." State v. Vasques, 221 S.W.3d 514, 521 (Tenn. 2007).

Tennessee Code Annotated section 39-16-503(a)(1) defines the offense of tampering with evidence as follows:

(a) It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to:

(1) Alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding . . . .

Tenn. Code Ann. § 39-16-503(a)(1) (2012).

This statute requires the State to prove three elements beyond a reasonable doubt—"timing, action, and intent." State v. Hawkins, 406 S.W.3d 121, 132 (Tenn. 2013) (quoting State v. Gonzales, 2 P.3d 954, 957 (Utah Ct. App. 2000)). "The 'timing' element requires that the act be done *only after* the defendant forms a belief that an investigation or proceeding 'is pending or in progress.'" Id. (emphasis added); see State v. Smith, 436 S.W.3d 751, 763 (Tenn. 2014). "The 'action' element requires alteration, destruction, or concealment." Hawkins, 406 S.W.3d at 132. Here, the State's case against the Defendant was based on the Defendant's concealment of the baggie of marijuana from investigators. To "conceal" a thing means "to prevent disclosure or recognition of" a thing or "to place [a thing] out of sight." Id. (citing State v. Majors, 318 S.W.3d 850, 859 (Tenn. 2010)). To establish the "intent" element, the proof must show that the defendant intended for his actions "to hinder the investigation or official proceeding by impairing the record's, document's, or thing's 'verity, legibility, or availability as evidence.'" Id. (quoting Tenn. Code Ann. § 39-16-503(a)(1)). Tampering with evidence is a "specific intent" crime. Id. (citing State v. Jackson, 237 P.3d 754, 758 (N.M. 2010); 3 American Law Institute, Model Penal Code and Commentaries § 241.7 at 180 (1962)). Accordingly, the State in this case was required to prove beyond a reasonable doubt that when the Defendant placed the baggie of marijuana in his mouth, he intended to impair its availability as evidence in either the police investigation or his eventual trial. See id. If the State failed to establish this specific intent, the Defendant's conviction cannot stand.

Viewed in the light most favorable to the State, the evidence shows that the Defendant was a passenger in a vehicle that ran a stop sign. Investigator Smith conducted a traffic stop based upon this traffic violation. At some point, Sergeant Anderson took the Defendant out of the vehicle, handcuffed him, and placed him in the back of a patrol car. While doing so, Sergeant Anderson smelled marijuana and asked the Defendant if he "had anything on him," and the Defendant initially denied having any contraband. Later, Sergeant Anderson took the Defendant out of the patrol car so that the Defendant could provide the officer with information for a booking sheet. Sergeant Anderson again smelled marijuana and asked the Defendant if he "had anything on him,"

to which the Defendant responded, "No." Sergeant Anderson then specifically asked the Defendant, "Do you have marijuana in your mouth or something?" At that time, in plain view, the Defendant spit out the baggie of marijuana that had been underneath his tongue. Investigator Smith testified that the plastic baggie containing the marijuana was tied at the top and he recovered the baggie and sent it to the crime lab. Special Agent Garrett analyzed and weighed the substance and testified at trial that it was 1.05 grams of marijuana.

In this case, we cannot conclude that the State's evidence established beyond a reasonable doubt that the Defendant "concealed" the baggie of marijuana within the meaning of the statute. In State v. Hawkins, our supreme court explained that a tampering with evidence conviction may not be upheld if the evidence was not permanently altered or destroyed and its concealment "delayed minimally, if at all," the officers' discovery of it. Hawkins, 406 S.W.3d at 138. In reaching this decision, the Hawkins Court reviewed cases involving convictions for tampering with evidence by concealment and found:

> In drug cases, for example, convictions for tampering by concealment have been upheld when a defendant swallows drugs and when a defendant flushes drugs down a toilet as police approach and the drugs are recovered. One defendant's conviction was upheld when he tossed the drugs out of his moving vehicle, kept driving for a half mile, and the drugs were never found. Another defendant's conviction was upheld when he tried to hide his drugs in one pocket of a billiards table.
>
> Conversely, in other drug cases involving alleged concealment, courts have found mere abandonment when a defendant hides drugs in his socks or in his pocket, tosses drugs onto the roof of a garage while being pursued, drops drugs off a roof in view of police, or throws drug evidence over a wooden privacy fence while officers are in pursuit. Dropping a marijuana cigarette into a sewer is mere abandonment, but dropping soluble drugs down a sewer drain could make them irretrievable and could support a tampering conviction. *Hiding drugs in one's mouth without successfully swallowing them also may not constitute tampering.*

Id. at 135 (emphasis added) (internal citations omitted). In this case, although the Defendant initially denied having "anything on him," the Defendant spit out the baggie in plain view of the officers when Sergeant Anderson persisted that the Defendant had marijuana. The Defendant's actions did not prevent the disclosure of the marijuana or place it out of sight of the officers; the Defendant exposed the item to the officers' view, and they were able to retrieve the evidence. The Defendant's alleged concealment

"delayed minimally, if at all," the officers' discovery of the marijuana. See id. at 138. Moreover, there was no proof that the Defendant's act of putting the baggie into his mouth impaired the availability of the marijuana as evidence against the Defendant. Officers collected the baggie and sent it to the crime lab, and the State offered the recovered evidence against the Defendant at trial. Accordingly, under the facts of this case, we conclude that the evidence presented was insufficient to support the Defendant's conviction for tampering with evidence, and we reverse and vacate the conviction.

Although not directly challenged by the Defendant, we find that the evidence is sufficient to support the Defendant's conviction for simple possession of marijuana based upon our review of the evidence. To sustain a conviction for simple possession of marijuana, the State was required to show that the Defendant knowingly possessed a controlled substance. See Tenn. Code Ann. § 39-17-418(a) (2012). Marijuana is a Schedule VI controlled substance. Tenn. Code Ann. § 39-17-415(a)(1) (2012).

Upon the Defendant's arrest, officers smelled the odor of marijuana. When Sergeant Anderson asked the Defendant if he had marijuana in his mouth, the Defendant spit out a plastic bag, which Special Agent Garrett testified contained just over one gram of marijuana. Accordingly, we affirm the Defendant's conviction for simple possession of marijuana.

*Sentencing*

The Defendant also challenges the trial court's imposition of a five-year sentence for tampering with evidence. The Defendant asserts that the sentence is excessive and not in keeping with the purposes and principles of the Sentencing Reform Act of 1989. He argues that the mitigating factors outlined at the sentencing hearing "should have been considered [by the trial court] and should have caused the trial court to impose a sentence less than five years." Although we have determined that the Defendant's conviction for tampering with evidence must be reversed and vacated, we will address the Defendant's sentencing challenge for the purposes of possible further review.

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)). So long as the trial court sentences within the appropriate range and properly applies the purposes

and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. Bise, 380 S.W.3d at 707. "[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing determination." Id. at 709. Moreover, under those circumstances, this court may not disturb the sentence even if it had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008).

To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2014); Bise, 380 S.W.3d at 706. However, "[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." Bise, 380 S.W.3d at 705-06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2014), Sentencing Comm'n Cmts.

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103 (2014).

Additionally, the trial court should consider, but is not bound by, the following advisory guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c) (2014).

We note "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is consistent with the purposes and principles of [the Sentencing Act]." Id. at 343 (internal quotation marks omitted). "[Appellate courts are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

In this case, the Defendant's five-year sentence is within his applicable range for a conviction of a Class C felony. See Tenn. Code Ann. § 40-35-112(a)(3). In setting the length of the Defendant's sentence, the trial court properly considered the principles and guidelines of sentencing and placed on the record the enhancement and mitigating factors it considered, as well as its reasons for the sentence imposed. Moreover, the record fully supports the trial court's application of the various enhancement and mitigating factors in setting the length of the Defendant's sentence. The Defendant has not established that the trial court abused its discretion in sentencing, and the Defendant is not entitled to relief on his sentence.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment of conviction for simple possession of marijuana and reverse and vacate the judgment of conviction for tampering with evidence.

_____
ROBERT L. HOLLOWAY, JR., JUDGE